IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

EARL JACKSON                                                                                          PLAINTIFF
Reg. #23375-045

v.                                            2:18cv00151-JM-JJV

ROBERT TANSY, *et al*.                                                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

**DISPOSITION**

**I.    INTRODUCTION**

Earl Jackson ("Plaintiff") filed this action *pro se* pursuant to 42 U.S.C. § 1983[1] violations of his federally protected rights. (Doc. No. 1.)  On January 30, 2019, I explained to Plaintiff that certain of his allegations failed to state a claim. (Doc. No. 9.)  Plaintiff was given thirty days in which to file an Amended Complaint if he wished. (*Id*.)  Plaintiff did not file an Amended Complaint, and on March 25, 2019 his claims against the unidentified Defendants, his medical indifference claim regarding chest pain, and his damages claim against Defendant Tansy[2] in his official capacity were dismissed. (Doc. Nos. 10, 12.)  Plaintiff's excessive force and remaining medical indifference claims were served. (Doc. Nos. 13-15.)  Defendant Tansy has filed a Motion to Dismiss arguing Plaintiff failed to exhaust his administrative remedies. (Doc. Nos. 19-20.)  Plaintiff has not responded; this matter is now ripe for a decision.  After careful review, I find

---

[1] While Plaintiff brought suit under 42 U.S.C. § 1983, his claims will be analyzed under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) because his claims are against a federal official. "[A] Bivens action is the federal analog to suit brought against state officials under . . . 42 U.S.C. § 1983." *Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006).

[2] The Clerk of the Court is directed to change Defendant Tanzy's name on the docket to Robert Tansy. (Doc. No. 19.)

Defendant Tansy's motion should be granted and Plaintiff's claims should be dismissed without prejudice.

## II.  STANDARD OF REVIEW

Defendant Tansy sought dismissal of his case under Federal Rules of Civil Procedure 12(b)(1) and (b)(6). (Doc. Nos. 19-20.) The exhaustion requirement, however, is not a jurisdictional requirement; even if Plaintiff failed to exhaust, subject matter jurisdiction would not be lacking. *See Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) ("a lack of exhaustion does not deprive federal courts of subject matter jurisdiction") (internal citations omitted). In support of his Motion, Defendant Tansy submitted matters outside of the pleadings that I will consider in making my recommendation, specifically the declaration of Bridgette Bass, associate warden's secretary at the United States Department of Justice, Federal Bureau of Prisons Federal Correctional Complex in Forrest City, Arkansas, and electronic records of Plaintiff's administrative remedy requests. (Doc. No. 20-1.) Accordingly, the requirements of Rule 56 will be applied. *See Osborn v. U.S.*, 918 F.2d 724, 729-30 (8th Cir. 1990). Rule 12(b)(6) "does not require the court to give affirmative notice to the parties of its intent to consider matters outside the complaint; when a plaintiff has adequate time to respond, constructive notice is sufficient." *Blair v. Wills*, 420 F.3d 823, 827 (8th Cir. 2005) (*quoting Angel v. Williams*, 12 F.3d 786, 788 (8th Cir. 1993).

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or

declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.    ANALYSIS**

The Prison Litigation Reform Act ("PLRA") requires a federal inmate bringing a *Bivens* action to exhaust available administrative remedies before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Stafford v. Brown*, 114 Fed. Appx. 769 (8th Cir. 2004) (unpublished *per curiam*). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. 199, 211 (2007). The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle,* 534 U.S. 516, 532 (2002). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison

grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

The Bureau of Prisons (BOP) has a three-tiered administrative procedure for inmate grievances codified at 28 C.F.R. §§ 542.10, *et seq*. The purpose of the administrative remedy program "is to allow an inmate to seek formal review of an issue relating to any aspect of his/her confinement." 28 C.F.R. § 542.10. Inmates must first attempt to resolve their grievance or complaint informally with prison staff. 28 C.F.R. § 542.13(a). If the informal resolution is unsuccessful, the inmate must submit a written administrative remedy request at the local institutional level. 28 C.F.R. §§ 542.13, 542.14. If the inmate is not satisfied with the Warden's response, the inmate must appeal to the Regional Director, and, in turn, to the Office of the General Counsel, Bureau of Prisons, Washington, D.C. 28 C.F.R. § 542.15. The administrative remedy process for a grievance is not deemed exhausted unless it has been properly presented and denied at all three levels. (Doc. No. 20-1 at 3); *Marlin v. Raper,* case no. 2:06cv0004, 2007 WL 779710, *3 (E.D. Ark. 2007).

According to Ms. Bass's declaration, Plaintiff did not follow the BOP's administrative remedy procedure with respect to the alleged constitutional violations described in his lawsuit. During his incarceration, Plaintiff filed three administrative remedy requests at the institutional level only, and none of the requests "concerned the claims made in Plaintiff's Complaint." (Doc. No. 20-1 at 4-5.) A review of the electronic record reveals that Plaintiff's April 11, 2012 grievance dealt with a claim of improper medical care. (Doc. No. 20-1 at 12.) His September 9, 2015

grievance was in connection with a request for medication for pain treatment. (*Id.*) I note that Defendant Tansy's allegedly unlawful actions took place in October 2018 (Doc. No. 1)—after Plaintiff's first two grievances were filed. Further, Plaintiff's third grievance was filed on January 8, 2019—after this lawsuit was filed on October 29, 2018. (Doc. No. 20-1 at 12.) The evidence in the record supports a finding that Plaintiff failed to exhaust his available administrative remedies. Plaintiff has not come forward with any evidence establishing a genuine issue of material fact that would preclude summary judgment in Defendant Tansy's favor. Accordingly, Defendant Tansy's Motion for Summary Judgment should be granted, and Plaintiff's claims should be dismissed without prejudice.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant Tansy's Motion for Summary Judgment (Doc. No. 19) be GRANTED.

2. Plaintiff's claims against Defendant Tansy be DISMISSED without prejudice.

3. This case be DISMISSED.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 25th day of June 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE